# Court of Appeals
# of the State of Georgia

ATLANTA,  August 14, 2026

*The Court of Appeals hereby passes the following order:*

**A26A2312. DEANGELO COOK v. THE STATE.**

Deangelo Cook was convicted of armed robbery and possession of a firearm during the commission of a felony and sentenced as a recidivist to life imprisonment without parole, and we affirmed his convictions. See *Cook v. State,* 221 Ga. App. 831 (472 SE2d 686) (1996).  Cook filed a motion to correct and set aside his sentence, which the trial court denied. He appealed the trial court's order, and we affirmed the trial court's judgment. See *Cook v. State*, 255 Ga. App. 405 (565 SE2d 487) (2002). In 2017, Cook again sought to challenge his sentence on the ground that life without parole could not be imposed where the State had not sought the death penalty. We dismissed Cook's appeal because he failed to state a valid void-sentence claim and found that further challenges to his sentence were barred by res judicata. See Case No. A18A0641 (Jan. 24, 2018). In 2025, Cook filed a motion to modify/reduce sentence in which he invoked House Bill 894, the Second Look Act, and argued that he had served 32 years of his sentence, was over the age of 55, and therefore had a right to re-sentencing. The trial court dismissed Cook's motion, and he filed the instant appeal. We, however, lack jurisdiction.

First, House Bill 894 was not passed by the Georgia legislature and therefore provides no avenue for sentence modification. Second, as stated in this Court's order dismissing Cook's previous appeal, his sentence was governed by OCGA § 17-10-7 (b), and his armed robbery conviction was his fifth felony conviction, thus, "the trial court was authorized to sentence him to the maximum sentence of life imprisonment, with no eligibility for parole." *Cook*, 255 Ga. App. at 406. As such, Cook has no valid

void-sentence claim. Moreover, we reiterate that "[i]t is axiomatic that the same issue cannot be relitigated ad infinitum. The same is true of appeals of the same issue on the same grounds." *Echols v. State*, 243 Ga. App. 775, 776 (534 SE2d 464) (2000); see also *Jordan v. State*, 253 Ga. App. 510, 511(2) (559 SE2d 528) (2002). Our ruling in the prior case acts as res judicata. See *Hook v. Bergen*, 286 Ga. App. 258, 261(1) (649 SE2d 313) (2007). Thus, Cook is estopped from seeking further judicial review on the validity of his sentence. See id.; see also *Ross v. State*, 310 Ga. App. 326, 328 (713 SE2d 438) (2011) (holding that the law-of-the-case rule bars successive void sentence appeals). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*   08/14/2026

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.